J. H. MURRAY v. SOUTHERN RAILROAD COMPANY.

(Filed 25 October, 1916.)

**Evidence—Vendor and Purchaser—Delivery—Trials.**

Where there is evidence of a contract between plaintiff and defendant railroad company for the sale of cross-ties; that plaintiff placed certain of these ties where the defendant customarily received them from plaintiff and others; that these were seen being loaded upon cars at this place by persons appearing to be defendant's employees, it is *Held,* sufficient upon the question of delivery and acceptance by the defendant of the ties to be submitted to the jury.

APPEAL by defendant from *Devin, J.,* at May Term, 1916, of ORANGE.

*A. H. Graham and John W. Graham for plaintiff.*
*Parker & Long for defendant.*

CLARK, C. J.   This is an action to recover for 106 cross-ties which the plaintiff alleges that he sold and delivered to the defendant and avers that 100 were first-class ties worth 45 cents each and 6 were second-class, worth 30 cents each. His testimony is that he sold and delivered these ties by placing them at the usual place where the defendant had given notice that it would receive ties, and that after he had placed said ties on the right of way at that spot, they had been carried off, and one Smith, witness for the plaintiff, testified that he saw a force of hands, which he took to be the employees of the defendant, loading ties from this yard, about the same location where Murray's ties had been placed.

The exceptions are to the refusal of the motion to nonsuit and from the charge that there was some evidence for the jury to consider whether the plaintiff sold and delivered the ties to the defendant railway company.

In this we find no error. There was evidence that the defendant did purchase ties from parties, and maintained a yard near the station at Hillsboro to which ties were hauled and stacked by various parties,

from which it hauled away ties, and there was evidence which would justify the jury in finding that the defendant received and hauled away these ties. The court could not have held that there was no evidence. The facts were within the knowledge of the defendant company, but it offered no evidence that it did not in fact load these ties on its train and haul them off. Upon the uncontradicted testimony the court was justified in leaving the issue to the jury.

No error.